GEORGE PRATT v. SOLOMON HOLMAN, JONATHAN HOLMAN AND JAMES B. HOLMAN.

Where the grantor, in a deed of land, delivered the deed to the agent of the grantee for procuring the deed, with directions not to deliver it to the grantee without payment by the grantee of a sum of money which the grantor claimed, and the agent delivered the deed to a third person for the grantee, such third person promising to pay to the grantor the sum claimed by him, and the grantee received the deed, it was held that the deed became operative, and that there was a sufficient delivery, notwithstanding the agent did not comply literally with the instructions of the grantor.

EJECTMENT. Plea, the general issue, and trial by jury.

The plaintiff and the defendant James B. Holman each claimed title to the demanded premises under one Willard Edson. The deed from Edson to the plaintiff was executed Nov. 19. 1841. The deed from Edson to James B. Holman, and which was given in evidence by him, was dated June 26, 1840, and was recorded in August, 1841. James B. Holman was in possession of the premises at the time of the execution of the deed from Edson to the plaintiff.

The plaintiff, with a view to defeat the operation of the last mentioned deed, introduced Edmund Weston as a witness, who testified that he was requested by the defendant Jonathan Holman to obtain said deed from Edson; that Edson executed the deed, but directed the witness not to deliver it, until he was paid a small sum, which he claimed for his trouble in executing the deed; that, when Jonathan Holman called upon the witness for the deed, the witness informed him of his directions from Edson, upon which said Jonathan

Pratt *v.* Holman et al.

assured the plaintiff that he would see that Edson was duly satisfied for his claim, and the witness thereupon delivered the deed to him.

It was insisted by the plaintiff, that, upon this evidence, said deed appeared never to have taken effect, and that the plaintiff was therefore entitled to recover upon his subsequent deed from Edson. But the county court decided that this evidence was not sufficient to defeat the operation of the deed to James B. Holman, and directed a verdict for the defendants. Exceptions by plaintiff.

*E. Weston* for plaintiff.

The plaintiff insists that the deed from Edson to James B. Holman was inoperative, as it had never been delivered. Weston was acting as agent of Jonathan Holman. The passing the deed by Weston into the hands of Jonathan Holman, his principal, could not operate as a delivery to James B. Holman, as Jonathan Holman was as much bound by the condition as was Weston, his agent; and the defendants should have shown that the condition affixed to the delivery was performed. 2 Bl. Com. 306, 307, and notes. *Johnson* v. *Baker*, 6 E. C. L. 440.

It was a question of *fact* for the jury, whether the deed had taken effect, or not. *Murray* v. *Stair*, 9 E. C. L. 33.

———— ———— for defendants.

1. Weston was Holman's agent. The delivery of the deed by Edson to Weston was, in law, a delivery to Holman, the principal. But "a deed cannot be delivered to the grantee *as an escrow*, but passes the title immediately." *Fairbanks* v. *Metcalf*, 8 Mass. 230. 1 Sw. Dig. 179. 4 Dane's Abr. 89, § 6. *Moss* v. *Riddle*, 7 Cranch 206. 5 Dane 380. *Coare* v. *Giblett*, 4 East 95.

2. But if Weston had been the grantor's agent in receiving this deed, and it had been delivered to him as an *escrow*, we contend that the condition was complied with before the deed was delivered, and the title immediately passed to the grantee. Weston, as Edson's agent, was accountable to him for the money claimed by him, on the delivery of the deed to Holman. If, instead of receiving cash, Weston accepted Holman's promise for it, and thereupon delivered the deed, the title to the land immediately passed; nor would Holman's refusal, afterwards, to pay divest the title. 1 Sw. Dig. 67.

---

Chamberlin *v.* Estate of Chamberlin.

---

The opinion of the court was delivered by

WILLIAMS, Ch. J. There is, in reality, no serious question in the case before us. The deed, under which the defendants claimed, was of a prior date to that by which the plaintiff made title. But the plaintiff insists that the deed to the defendant James B. Holman was not to be delivered, except upon the performance of a condition,—that is, the payment of a small sum of money. The deed was delivered on such assurance as was satisfactory to the agent, who was authorized to deliver the same; and if the sum was not paid, the defendant is liable therefor in a proper action; but as to him, Mr. Edson, the grantor, and the present plaintiff, the deed was delivered and recorded before the plaintiff took any conveyance from Edson;—and moreover, if the defendant was in the actual possession of the lot in dispute, the plaintiff had no title whatever to the premises.

The judgment of the county court is affirmed.