## HAVEN v. KRAMER.

1. **Deed**: ESCROW: ESTOPPEL. Where a deed held as an escrow was delivered to the grantee in violation of the instructions of the grantor, and the deed was recorded and possession retained for seven months by the grantee, who then conveyed to an innocent purchaser for a valuable consideration: *Held*, that the grantor was then estopped to assert title against such purchaser.

2. ———: ———: ATTORNEY. The grantor is affected by the knowledge of his attorney that his instructions have been violated in the delivery of the deed.

3. ———: INNOCENT PURCHASER: PLEADING. An allegation in the answer that defendant paid the grantee full value for the premises, without notice or knowledge of plaintiff's claim, states facts sufficient to entitle him to protection as an innocent purchaser, notwithstanding the answer should have given the amount paid, and for that reason would have been vulnerable to a motion for a more specific statement.

*Appeal from Dubuque District Court.*

FRIDAY, OCTOBER 22.

THE plaintiff, in substance, avers that in the month of June, 1868, by a verbal contract, he agreed to sell to James H. Haven lots number sixty-five and sixty-six in the village of Dyersville for $650, $325 of which was to be paid then in cash, and $325 was to be paid in one year from the time of making the contract, and was to be evidenced by the promis-

sory note of James H. Haven, bearing interest at the rate of eight per cent. per annum. That at the time of making the contract James H. Haven paid $120 but failed to pay the remainder of the first payment, and failed to execute his note as required by the contract. That in the month of June, 1869, when all of the purchase money was due, plaintiff and his wife executed and tendered to James H. Haven a deed of general warranty to said lots, and demanded payment of the balance of the purchase money. That at the time of tendering said deed James H. Haven paid the further sum of $200, and it was then verbally agreed that he should have an extension of one year from June 1, 1869, for the payment of the remainder, and should execute his promissory note for the amount remaining due, bearing interest at the rate of eight per cent. per annum. That plaintiff retained the deed in his possession. That James H. Haven failed to execute his note, and failed to pay the remainder of the purchase money in June, 1870, the time agreed upon, and that there still remains due the sum of $520.85, and interest at eight per cent. from the 25th day of May, 1874. That about June, 1870, plaintiff brought suit against said James H. Haven, asking that he be decreed to specifically perform his contract. That during the pendency of this suit the plaintiff, by his attorney, S. P. Adams, and the said James H. Haven, by his attorney, John D. Alsop, entered into a stipulation whereby said suit was to be settled and withdrawn, and James H. Haven and his wife were to execute to plaintiff a mortgage upon said lots to secure the unpaid purchase money, with a note evidencing the same, and upon the execution and delivery of said note and mortgage plaintiff was to deliver to James H. Haven a deed of warranty for the lots. That after the execution of said stipulation, and before the same was filed, Alsop requested Adams to let him take the warranty deed of said lots, executed by plaintiff and wife, and placed in the hands of Adams to be delivered to James H. Haven upon his complying with his part of the agreement, in order that he, Alsop, might show it to James H. Haven as an induce-

ment for him to execute the mortgage provided for in the stipulation; Alsop promising that he would not deliver the deed to James H. Haven, and that he would return the same to Adams in a day or two together with the note and mortgage, and for that purpose Adams permitted Alsop to take the deed. That immediately after the execution of said stipulation Alsop caused the suit to be dismissed, and, with intent to defraud plaintiff, delivered the deed to James H. Haven, who, on the 27th of February, 1871, caused the same to be recorded. That said Haven has not paid the balance of the purchase money nor executed the note and mortgage. That in the month of October, 1871, the defendant, Clemens Kramer, with full knowledge of the foregoing facts, purchased the lots herein refered to. That at the February term, 1873, of this court, plaintiff filed a petition in equity against James H. Haven, and Mary M. Haven, his wife, and Clemens Kramer and Mary M. Kramer, his wife, alleging all the foregoing facts, and praying that plaintiff have judgment for the amount due, and a vendor's lien upon said lots therefor, and that the right or interest of Kramer be decreed to be subordinate to said lien. That Pollock & Shields and F. T. Walker were attorneys for plaintiff, and John D. Alsop appeared for defendants.

That in May, 1874, F. T. Walker, claiming to act in behalf of plaintiff, but without his knowledge and without any authority, entered into a stipulation with Alsop, whereby judgment was to be entered for the sum of $520.85 against James H. Haven, and the suit was to be dismissed as to Clemens and Mary M. Kramer, and the lots in question were to be released from plaintiff's claim, and that judgment and decree were rendered in accordance with this stipulation. That James H. Haven, at the time of said stipulation, judgment and decree, was, and for a long time had been, and now is insolvent, and the judgment against him is worthless. That the sole object in bringing the last named suit was to secure a lien on said lots for the balance of the purchase money, and he so instructed his counsel when the suit was commenced, and that the stipulation was a fraud upon him.

Plaintiff prays that so much of the judgment as discharges the lots in controversy from the lien for the purchase money may be set aside, and that the amount of the judgment, heretofore rendered, may be decreed to be a lien upon the lots in question..

The defendant, Clemens Kramer, for answer alleges that in the month of October, 1871, he purchased of James H. Haven the lots in controversy, and paid him therefor the full value thereof, without any notice or knowledge that plaintiff claimed any right thereto or interest therein. The answer further pleads the proceedings had on the 25th of May, 1874, and set forth in the petition as a final adjudication of the matter in controversy.

The cause was tried by the court and a judgment was rendered, annulling so much of the decree of May 25, 1874, as discharges the lots in controversy from plaintiff's lien for unpaid purchase money, and declaring the judgment heretofore rendered a special lien thereon prior to the claim of the defendant, Kramer. The defendant appeals.

*John D. Alsop* and *E. McCeney*, for appellant.

A deed cannot be delivered as an escrow to the party. Such delivery is absolute. (*Herdman v. Bratten*, 2 Harrington, 396; *Foley v. Cowgill*, 5 Blackf., 18.) The effect is the same if delivery is made to the agent. (*Worrall v. Munn*, 1 Seld., 229; *Mad. P. R. Co. v. Stevens*, 10 Ind., 1.) The depositary is the agent of the depositor, and if through the fault or fraud of the former a third person is enabled to occasion loss, the depositor must bear it. (*Deursdorff v. Foresman*, 24 Ind., 481; *Burson v. Huntington*, 21 Mich., 415; *Blight v. Schenck*, 10 Pa. St., 285; *Pratt v. Holman*, 16 Vt., 530.) Under our statute respecting registration of deeds, a *bona fide* purchaser of property, the title of which is clear of record, will be protected. (*Van Shaack v. Robbins*, 36 Iowa, 201.) Where the attorney of a party consents to a judgment, or compromises an action, he cannot afterward impeach the authority of the attorney, unless his acts are so unreason-

able as to warrant the belief that he was imposed upon or failed to exercise his judgment fairly. (*Potter v. Parsons*, 14 Iowa, 286; *Crawford v. White*, 17 Id., 560; *Holker v. Parker*, 7 Cranch, 436.)

*S. P. Adams* and *W. Chandler*, for appellee.

When a deed has been delivered as an escrow, it has no effect as a deed until the condition has been performed. If delivered before the performance of the condition, it will not be the deed of the grantor. (3 Wash. Real Prop., 270–1; *Dyson v. Bradshaw*, 23 Cal., 458.) The mere averment in the answer that one is a purchaser for a · valuable consideration does not entitle him to protection as an innocent purchaser. He should state the actual consideration and amount paid. (*Evarts v. Agnes & Swift*, 4 Wis., 354.) An attorney has no authority to enter a stipulation without his client's knowledge, binding him to release a good security and take judgment against a worthless defendant. (Shearman & Redf. on Neg., 2d ed., §§ 229–30; *Shaw v. Kidder*, 2 How. Pr., 244.)

Day, J.—The petition avers, and the answer does not deny, that the deed of plaintiff to James H. Haven was delivered by Alsop to said Haven, and that he procured the same to be recorded on the twenty-seventh day of February, 1871. The petition further alleges that in the month of October, 1871, the defendant, Kramer, purchased the lots in question of James H. Haven. This allegation is not denied. The petition further alleges that Kramer purchased with full knowledge of plaintiff's rights. The answer alleges that defendant purchased the lots and paid the full value thereof, without any knowledge that plaintiff claimed any interest therein. The proof shows that defendant bought of James H. Haven, who was in possession, and paid him full consideration therefor, without any knowledge that plaintiff had any claim thereto.

Conceding, then, that the deed was in the hands of Adams as an escrow, when it was permitted to pass into the hands of the person named as the grantee, and to be recorded, and he was permitted to enter into possession of the property, what

are the rights of a purchaser for a valuable consideration from' such grantee, without notice of the facts attending the delivery of the deed?

The pretty decided weight of authority is that where the depositary of a deed held as an escrow delivers it to the grantee without performance of the conditions upon which the delivery was to be made, no title passes, and a subsequent purchaser from such grantee without notice, and for a valuable consideration, acquires no title, and will not be protected. *Everts v. Swift*, 4 Wisconsin, 343; *S. C.*, 6 Wisconsin, 453; *Burson v. Huntington*, 21 Mich., 415; *Fisher v. Beckwith*, 30 Wis., 55; 2 Washburn on Real Property, 586, and cases cited.

*1. DEED: escrow: estoppel.*

Without determining the effect of the mere obtaining of a deed delivered as an escrow, and the subsequent conveyance to an innocent purchaser, we are of opinion that the defendant in this case, under the circumstances disclosed, if he be an innocent purchaser for value, is entitled to protection.

At the time Kramer purchased of Haven he not only had the legal title of record, but was in possession of the property. The case of *Blight v. Schenck*, 10 Penn. St., 285, is a well considered and strong authority in favor of the view that an innocent purchaser from a grantee in possession, under a deed held as an escrow, and improperly delivered to the grantee, will be protected. But without resting our conclusion solely upon this case, we are of opinion that the plaintiff, by his laches, is estopped to assert title against a *bona fide* purchaser from James H. Haven.

The petition alleges that Alsop procured the deed from Adams, plaintiff's attorney, under a promise to return it in a day or two, and that he delivered it to James H. Haven, who recorded it on the 27th of February, 1871.

If Alsop procured the deed as alleged, Adams knew that he failed to return it as he agreed to do. The plaintiff is affected by this knowledge of his attorney. Yet James H. Haven was permitted to remain in possession both of the land and of the deed for more than seven months with-

*2. ——: ——: attorney.*

Haven v. Kramer.

out any effort to deprive him of the indicia of ownership, when he sold to the defendant.

The case is a proper one for the application of the wholesome maxim of the law that where one of two innocent persons must suffer a loss, he whose negligence is the occasion of the loss must bear it. If a party by his silence misleads another to his injury, he is compellable to make good the loss, and his own title is made subservient to the confiding purchaser. *Blight v. Schenck*, 10 Penn. St. 293.

II. It is claimed, however, that the answer does not allege, and the proof does not show, facts sufficient to entitle the defendant to protection as an innocent purchaser.

The answer alleges that defendant purchased the lots in question of James H. Haven, "and paid him therefor the full value thereof, without any notice or knowledge that the said plaintiff claimed any right thereto, or interest therein." The proof is that defendant paid full consideration, that he did not retain any of the purchase money, and that at the time of purchase he did not know of James Haven, Sr., having any claim on the lots. Whilst the answer should have alleged the amount of consideration paid, and would, perhaps, have been vulnerable to a motion for a more specific statement, still we think it is not so defective as not to amount to a defense, and no objection having been taken to it in the court below, it must now be regarded as sufficient. The answer in the case of *Everts v. Agnes*, 4 Wis., 343, upon which plaintiff relies, was not as full and complete as the answer in this case. It only alleged that the defendant paid "a good and valuable consideration according to a contract." The same considerations apply to the proof. The defendant testified that he paid the full consideration. The plaintiff could easily have ascertained upon cross-examination the amount paid.

We are of opinion that the defendant is entitled to protection as an innocent purchaser.

REVERSED.

3. ———— ——: innocent purchaser: pleading.