GLENN *et al.* v. JEFFREY.

1. **Real Estate:** ACTION TO RECOVER: NO TITLE IN PLAINTIFF. In an action to recover real estate, the plaintiff must establish title in himself, and it is not sufficient to show that the defendant has no title.

2. **Public Lands:** SURVEY: MISTAKE IN CALLS. A certain lot was surveyed and platted and located on the north side of a certain water supposed at the time to be the Missouri river; and the government plat and field-notes described the meander line as being at said river, but the water was in fact a bayou some distance from the river, and between it and the river was land which was never in fact surveyed. *Held* that the patent for the lot did not convey the land between the bayou and the river.

3. **Instruction:** AS TO MATTER IN EVIDENCE BUT NOT IN ISSUE: ESTOPPEL. Where no estoppel is pleaded, the court is not required to submit such question to the jury, though there is evidence of facts which would constitute an estoppel.

*Appeal from Monona District Court.*—HON. C. H. LEWIS, Judge.

FILED, SEPTEMBER 5, 1888.

ACTION to recover possession of real estate on the ground that plaintiffs are the owners thereof. Trial by jury, verdict and judgment for defendant, and plaintiffs appeal.

*John S. Monk, G. W. McMillan* and *John E. Selleck,* for appellants.

*P. Hubbard* and *S. H. Cochran,* for appellee.

SEEVERS, C. J.—The court instructed the jury as follows: "The plat and field-notes introduced herein show that lot 3 was surveyed and platted and located upon the north side of certain water, which was at the time of the survey supposed to be the Missouri river. It is shown by the Adkins survey, and other evi- dence in the case, that lot 3 ran, not to the Missouri river, but to the waters of a certain bayou, and that beyond this bayou, and between it and the Missouri

Glenn v. Jeffrey.

river, was other land, the land claimed by the defendant. The evidence shows that the land between this bayou and the river was not surveyed. Under this evidence you are instructed that the plaintiff has failed to show title in himself to the land claimed by the defendant. So, though defendant may not have shown any title in himself, still you will sign and return the following verdict, to wit: " The land in controversy is lot 3 in section 18, township 82, range 45, in Monona county; and the plaintiff introduced evidence showing title in himself from the government. The only controversy is whether the lot, as described, extended to the Missouri river.

The evidence warranted the court in giving the instruction it did. There was no controversy as to the facts. It is true that the government plat and field-notes described the meander line as being at the Missouri river, and therefore it is claimed that lot 3 extended to the river. In fact, however, instead of running the meander line along the river, it was run along a bayou some distance from the river. The land in question cannot be regarded as accretion, but existed as it now does when the survey was made. The court rightly directed the jury to find for the defendant. The land never was in fact surveyed by the government, and never sold or conveyed to the plaintiff. It is true, the meander line is not a boundary line (*Kraut v. Crawford*, 18 Iowa, 549), and if the evidence in this case showed that the river had been meandered, this case would be like the case cited; but there is a material distinction between them. In the case cited the river had been meandered and the land in controversy had been formed by accretion since the survey and sale of the land by the government. It is. claimed that there was evidence tending to show that defendant leased the land of the plaintiffs, and that therefore he is estopped, and cannot deny the title of his landlord. There was no such issue, and an estoppel was not pleaded, and therefore the court was not required to submit such question to the jury.

AFFIRMED.