W. L. PATTON, Appellee, v. COOK & MORGAN, Appellants.

83   71
93  626
94  155

83   71
138   51

Agency: REVOCATION: BOND: CANCELLATION. The defendants were employed by the plaintiff to sell for him a lot for two hundred and seventy-five dollars, one-third of which was to be paid in cash and a note to be given for the balance payable in one year, with interest at eight per cent. They afterwards notified the plaintiff that they had found a purchaser, and that the cash payment and note were ready to be delivered to him. Thereupon, the plaintiff executed a title bond with the place for the grantee left blank, but upon the delivery of the same to the defendants they offered him, instead of the money and note as aforesaid, five or ten dollars for an option on the purchase of the lot. The plaintiff then demanded the return of the bond or a compliance with the contract, but the defendant refused to do either, but filled up the bond with the name of one G., who assigned it to S. *Held*, that the rights of the parties were fixed when the defendants refused to pay the money and deliver the note in accordance with the contract, and were not affected by a subsequent tender by the defendants, and that the plaintiff was entitled to a cancellation of the bond.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

THURSDAY, MAY 28, 1891.

THE plaintiff seeks by this action to set aside and cancel a bond for a deed of a certain lot in Council Bluffs. There was a full hearing on the merits, and a decree for the plaintiff. The defendants appeal. *Affirmed.*

*Stone & Sims* and *Flickinger Bros.*, for appellants.

*G. A. Holmes* and *Harl & McCabe*, for appellee.

ROTHROCK, J.—The plaintiff was the owner of the lot in question. The defendants, Cook & Morgan, were real-estate agents. In the month of February, 1887, plaintiff authorized Cook & Morgan to sell said lot for two hundred and seventy-five dollars. The terms of sale were to be one-third cash and the balance payable in one year with interest at eight per cent. per annum. The purchaser was to execute a promissory note for the deferred payment. In a short time after this arrangement was made, Cook & Morgan notified the plaintiff that they had found a purchaser for the lot. Thereupon the plaintiff executed and acknowledged a title bond. It was a blank bond, in that the name of the purchaser was not filled in nor anywhere inserted in the bond. This fact cannot be said to be disputed.

The real question is whether Cook & Morgan filled the blank wrongfully, and without authority from the plaintiff. On this branch of the case there is a serious conflict in the evidence. We have examined the record with care, and we reach the same conclusion that was adopted by the district court. We think that a fair preponderance of the evidence shows that, when Cook & Morgan requested the plaintiff to prepare the bond they, or one of them, stated to him that the cash payment and the note for the deferred payment were ready to be delivered to him. When the plaintiff presented the bond, Cook & Morgan did not have the money nor the note, but offered the plaintiff five or ten dollars for an option on the purchase of the lot. This the plaintiff refused to accept, and, as the bond had been handed to Cook & Morgan, they refused to return it to the plaintiff. After some dispute and discussion between the parties, the bond was left in the hands of Cook &

Morgan.   The plaintiff went to their office early the next morning, and demanded the bond or a compliance with the contract.   Cook & Morgan refused to pay the money and deliver the note, and filled up the bond with the name of one Greenwood.   He assigned it to the defendant Smith.   In our opinion the rights of the parties were fixed when Cook & Morgan failed to pay the money and deliver the note to the plaintiff, and it is entirely immaterial what they did afterwards in the way of a tender.   They had no authority to fill in the name of Greenwood in the bond.   This question of fact is all there is in the appeal.   The decree of the district court is AFFIRMED.