## NAPOLEON B. GOLDEN, Appellant, v. JOSEPH C. HARDESTY, *et al.*

**Deed: Delivery.** Where a deed not naming a grantee is obtained by a fraudulent pretense, a grantee thereafter inserted takes no title, for lack of delivery.

**Pleading: ESTOPPEL.** That one signing a deed in blank is estopped against a good faith buyer by the negligence involved in so signing must be affirmatively pleaded.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, JANUARY 30, 1895.

Action in equity to recover the amount due on a promissory note, and to foreclose a mortgage given to secure its payment. There was a hearing on the merits, and a decree in favor of the defendants, Joseph C. and Lenora C. Hardesty. The plaintiff appeals.— *Affirmed.*

*Will H. Thompson* for appellant.

*Harl & McCabe* for appellees.

Robinson, J.—The defendants, Joseph C. and Lenora C. Hardesty, are husband and wife. In June, 1890, the husband owned lots six and seven in block twenty-nine in Mullen's subdivision of the city of Council Bluffs, and they occupied them as their place of residence. On the fourth day of the month they signed and acknowledged a deed for each of the lots, from

which the names of the grantees were omitted. As thus executed, the instruments were left in the possession of a man named Daniels. In the one which purported to convey lot six the name of John W. Hodgman as grantee was subsequently inserted, and the deed was recorded. The abstract states that it was recorded on the day of its date, but a stipulation signed by the parties, and filed, shows that it was recorded on the thirteenth day of October, 1890. On that date there was also recorded a mortgage of the lot from Hodgman to John W. Foster. That was dated on the sixteenth day of June, 1890, and purported to secure the payment of a note for the sum of six hundred and twenty-five dollars. The name of the payee was indorsed in blank on the note, and that and the mortgage passed into the possession of Stephen Milholen. In March, 1891, the plaintiff sold to Milholen mules and other personal property, and received in payment two hundred and fifty dollars in money and a note of the purchaser for the sum of two hundred dollars. To secure the payment of the latter, the note and mortgage of Hodgman were deposited in a bank under an agreement by which they were to become the property of the plaintiff if the Milholen note should not be paid on or before the sixth day of the next June. It was not so paid, and this action was brought on the other note and the mortgage given to secure its payment. The answers of the defendants Hardesty and his wife deny the alleged right of plaintiff to foreclose the mortgage as against them and lot six. The answer also contains a counterclaim, in which it is alleged that the wife is the owner of the lot, and that the mortgage is void. It asks that her title to the lot be quieted as against the plaintiff, and that his mortgage be decreed to be void. To the counterclaim a reply was filed. The District Court denied the plaintiff all

relief as against Hardesty and his wife, decreed the mortgage to be fraudulent, void and of no effect, and provided for its cancellation.

I. The evidence shows that about the first of June, 1890, Hardesty desired to sell at least one of his lots, and was introduced by an acquaintance named Strang to Daniels. He had an office in Omaha, and was understood to be in the real-estate business. Hardesty authorized him to sell both lots for the sum of one thousand four hundred dollars in cash, subject to a mortgage for three hundred dollars, on lot seven, which the purchaser was to assume. On the third day of June, Strang, acting for Daniels, told Hardesty that the money was ready for the lots. On the next day Hardesty and his wife went to Omaha, and met Daniels in his office. A deed for each lot was drawn, signed, and acknowledged. When the attention of Daniels was called to the fact that no grantee was named in either deed, he said the names would be inserted when the deeds were delivered. After they were acknowledged, Daniels and Hardesty, at the instance of the former, went to the office of one Bozzerman, on another floor of the same building, for the ostensible purpose of procuring the money which was to be paid to Hardesty. But the money was not found there, and Hardesty was told that it had been delayed by washouts, and was expected and might arrive at any time. Both Hardesty and his wife waited for a while, but, as the money was not received, Mrs. Hardesty finally returned home, telling her husband, before going, not to deliver the deeds until the money was paid. At that time the deeds were in his possession, but, after the departure of his wife, Daniels obtained possession of the deeds and an abstract of title to the lots, under the pretext of examining them, and then refused to return them, although Hardesty

insisted upon having them. He was finally compelled to go home without them. Nothing was said during the transaction about Hodgman, and nothing was known of him by either Hardesty or his wife, and neither of them authorized Daniels to insert any name in either deed, nor to deliver it. A short time after he obtained possession of the deed he offered to pay seven hundred dollars in settlement of the matter, but the offer was refused. He has disappeared. Hodgman has never been found, and the entire transaction appears to have been a deliberately planned scheme on the part of Daniels to cheat and defraud Hardesty. It is claimed that Daniels was constituted an agent to find purchasers, insert their names in the deeds, and deliver them; and attention is called to the fact that when he refused to return the deeds he gave to Hardesty a paper, which was called a "mortgage," to hold as security for their return. What that paper was, and whether it had any value, does not appear. It was given to Hardesty, who carried it away with him; but it is clear that he did not assent to the retention of the deeds by Daniels, and that he took the paper handed to him because it was forced upon him, without in any other manner assenting to what Daniels was doing, and without any agreement or intent to allow him to retain the deeds. It is not a case where a deed executed in blank as to the grantee has been left in the possession of an agent, with authority in him to insert the name of a grantee, and deliver the deed. Hence the case of *Swartz v. Ballou*, 47 Iowa, 192, and other authorities on that point, are not applicable. There was never any valid delivery of the deed in controversy, and the fact that it was acknowledged by the makers did not convey any interest in the lot it purported to convey. This would have been true had they inserted the name of the

grantee, for it is elementary that the delivery of a deed is essential to give it effect. 5 Am. & Eng. Enc. Law, 445, and cases cited. The delivery must be voluntary in pursuance of the intent of the grantor. If the deed be stolen, or, having been deposited as an escrow, is delivered without authority, it is without effect, and is void, unless the wrongful delivery was due to negligence on the part of the grantor. *Tisher v. Beckwith,* 30 Wis. 57; 1 Devl. Deeds, sections 267, 268. The facts in this case are in some respects like those involved in *Patton v. Cook,* 83 Iowa, 71, 48 N. W. Rep. 994, which tends to support our conclusion that the deed in question was not delivered.

II. It is contended by the appellant that Hardesty and his wife are estopped to question the validity of the deed, because they signed and acknowledged it in blank, and enabled Daniels to insert the name of a grantee and deliver it, and thus mislead subsequent purchasers without notice of the facts. Whether the appellant is an innocent purchaser of the note is not clearly shown. He obtained it with but little, if any, inquiry as to its maker or value; but he purchased it before maturity, and is not shown to have had any knowledge of the claims made by Hardesty and his wife, and must, for the purposes of this case, be treated as an innocent purchaser for value. If effect is now given to the deed in question, it cannot be because it was valid as between the parties to it, but for the reason that the grantors, by their own conduct, are estopped to assert as against the plaintiff that it is not valid. The appellant has cited numerous authorities which hold, in effect, that the grantor in a deed obtained from him by fraud will be estopped to deny the validity of the deed as against an innocent purchaser for value, if

such grantor, by his negligence, enabled the fraudulent grantee to sell to the innocent purchaser, and it is unquestionably true that such an estoppel may exist. But it is the well-settled rule in this state that matters in estoppel, to be available as such, must be specially pleaded. *Folsom v. Freight Line,* 54 Iowa, 498, 6 N. W. Rep. 702; *Independent Dist. of Burlington v. Merchants' Nat. Bank,* 68 Iowa, 347, 27 N. W. Rep. 255; *Glenn v. Jeffrey,* 75 Iowa, 20, 39 N. W. Rep. 160; *Eggleston v. Mason,* 84 Iowa, 632, 51 N. W. Rep. 1. No issue as to an estoppel is presented by the pleadings in this case. The counterclaim alleges as a defense to the mortgage that Hodgman was never the owner of the lot, and never had any right, title, or interest in it. The reply alleges that the plaintiff purchased the note and mortgage in good faith, for a valuable consideration, without knowledge of any fact or facts which rendered the mortgage void; but it does not set out any facts upon which to base an estoppel as against Hardesty and his wife, nor allege that they have been negligent in any respect. We are therefore compelled to hold that the claims of an estoppel, made in argument, cannot be maintained. The only question presented by the pleadings which goes to the merits of the controversy is in regard to the delivery of the deed, and the authority of Daniels to insert the name of the grantee therein and deliver it. We have found it necessary to decide that against the appellant. That Hardesty and wife instituted no legal proceedings to restrain the delivery of the deed, or to set it aside, and thus prevent the purchase of the mortgage in suit by the plaintiff, is a fact which would have been relevant to a question of negligence on their part had it been presented by the pleadings, but does not show a delivery of the deed. Since the transaction in question occurred, Mrs.

Hardesty has obtained title to the lot in controversy, and is now its owner. We find no error in the decree of the District Court, and it is *affirmed.*