THE H. E. SPENCER COMPANY, Appellant, v. P. F. PAPACH, Defendant, LYDIA E. VERNER, Garnishee.

**Mortgages: CREDITORS:** *Recording.* One who sells goods to a mortgagor during ten days between the execution and recording of the mortgage, will not be given priority over the mortgagee, where the latter used reasonable dispatch, under the circumstances, in recording the mortgage, and did not withhold it from record to save the credit of the mortgagor, nor induce any one to extend credit to him.

**FORECLOSURE EXPENSES.** A mortgagee is not entitled, as against a creditor of the mortgagor, to expenses incurred in selling the mortgaged goods at retail, where the mortgage simply authorizes her to sell the goods at "public auction."

**Pleading: ESTOPPEL.** The claim that a creditor of a mortgagor is estopped to complain of the expense incurred by the mortgagee in selling the mortgaged goods at retail, is not available under a pleading setting forth, that such creditor is estopped to claim that the mortgage was illegal and to deny the validity of the sale to the mortgagee and her title derived from the mortgage and the sale thereunder.

*Appeal from Appanoose District Court.—*HON. F. W. EICHELBERGER, Judge.

SATURDAY, APRIL 10, 1897.

PLAINTIFF, a judgment creditor of the defendant P. F. Papach, served notice of garnishment upon Lydia E. Verner, as a supposed debtor of said defendant. The garnishee answered, and issues were joined upon her answer. The case was transferred to, and tried as in, equity, and judgment and decree rendered in favor of the garnishee. Plaintiff appeals.—*Reversed.*

*Mabry & Payne* for appellant.

*T. B. Perry* for appellee.

GIVEN, J.—I.   The following is a sufficient state-
ment of the facts to show the points in controversy on
this appeal:   On and for some time prior to July 14,
1893, the defendant was engaged in the business of
a retail merchant at the town of Mystic, in Appanoose
county.   On July 14 he was indebted to the plaintiff in
a considerable sum for goods, and to his mother-in-law,
Mrs. Mary A. Kirkman, and to the garnishee, his sister-
in-law, for borrowed money.   On July 14, defend-
ant executed to Mrs. Kirkman and to Mrs.
Verner, each, a chattel mortgage on his stock of
merchandise, book accounts, and notes, to secure the
amounts due them, respectively, which mortgages were
filed for record July 24, 1893.   On July 25 he executed
two other mortgages on the same property,—one to
William Bradley, and one to T. W. Barhydt,—to secure
amounts due to them, respectively, which mortgages
were filed for record July 25, 1893.   The three mort-
gages last mentioned were assigned to Mrs. Verner,
and on July 29, 1893, by virtue thereof and of the mort-
gage to herself, she took possession of the stock of
goods, book accounts, and notes, and proceeded to col-
lect the accounts and notes, and to dispose of the goods
at retail until September 26, 1893, when the entire
property was sold in bulk under said mortgages, and
purchased by the garnishee for "four thousand, seven
hundred dollars."   On July 24, 1893, the defendant was
indebted to plaintiff in the sum of one thousand, seven
hundred and fifty-seven dollars and four cents for goods
purchased, three hundred and thirty-five dollars and
eighty-six cents of which had been purchased by defend-
ant between July 14 and 24, 1893.

II.   It is not questioned on this appeal that the defendant was indebted to said several mortgagees in the sums named in the mortgages; nor is the validity of the mortgages to William Bradley and T. W. Barhydt disputed, nor that they were assigned to the garnishee.   Appellant contends that the evidence shows affirmatively that the mortgages to Mrs. Kirkman and to the garnishee were withheld from record in pursuance of an understanding. that they should be so withheld.   We will not set out or discuss the evidence on this subject.   It is sufficient to say that a careful reading of it satisfies us not only that there is no such understanding proven, but that said mortgagees caused their mortgages to be filed for record as soon as could be conveniently done in view of their place of residence, and that there was no intention upon the part of either of them to withhold the mortgages from record for any fraudulent purpose.   There can be no doubt but that the plaintiff extended the credit it did to the defendant between July 14 and 24 in ignorance of the existence of these mortgages, and we think it may be fairly presumed that that credit would not have been extended, had the plaintiff known of their existence.   Appellant's contention is that under these facts the mortgages are void, as to it, to the amount of the sales made to defendant between those dates.   It is said in argument: "What is the difference in the result to plaintiff whether these relatives simply withheld their mortgages from record purposely, of their own accord, to save his credit, or whether they made an agreement so to do?   The design in either case was the same.   The result to plaintiff in either case was the same."   What the effect would be if these mortgagees withheld their mortgages from record purposely, of their own accord, to save the defendant's credit, we need not determine, as we think no such

purpose is shown. We are satisfied that these mortgagees used reasonable dispatch, under the circumstances, in causing their mortgages to be filed for record, and that neither of them withheld them for the purpose of saving the credit of the defendant, or of inducing the plaintiff or any other person to extend credit to him. Appellant cites a number of authorities to show that, as to the indebtedness created after July 14, it is an existing creditor, as well as to the indebtedness created prior thereto. The correctness of this claim may be conceded, but it does not strengthen the position of appellant, as against these mortgagees, merely because it was an existing creditor.

III. During the time that the garnishee was engaged in selling goods at retail, she employed the defendant and two others to assist in the business from July 29 to September 26, 1893. The court allowed her two hundred and sixty dollars on account of amounts paid to these persons, and for her own services. Each of the mortgages contains the usual provision authorizing the mortgagee to take possession, "and to sell the same at public auction" after giving at least ten days' notice by posting up written notices. Appellant's contention is that the garnishee had no authority to carry on the business at retail, and should not be allowed for expenses incurred in so doing, and that plaintiff should have judgment against her for two hundred and sixty dollars so expended.

Appellees contend in argument that, under the facts proven, appellant is estopped from now complaining of the expense incurred in selling the goods at retail. It is a well established principle that matter in estoppel must be specially pleaded, or it cannot be considered. See *Independent District of Burlington v. National Bank*, 68 Iowa, 343; *Folsom v. Fast Freight Line*, 54 Iowa, 490; *Phillips v. Van Schaick*, 37 Iowa,

229; *Ransom v. Stanberry*, 22 Iowa, 334; *Eikenberry v. Edwards*, 67 Iowa, 14; *Glenn v. Jeffrey*, 75 Iowa, 20; *Eggleston v. Mason*, 84 Iowa, 631. Appellant, in its reply to the amended answer of the garnishee, alleged that said expenses incurred in selling goods at retail, and for an attorney's fee, were not legitimate items of charge in favor of the garnishee. The only estoppel pleaded by garnishee is as follows: "The garnishee claims that, by reason of the acts and conduct of the plaintiff as above described, it is estopped from claiming that said mortgages are illegal, and from denying the validity of the sale to the garnishee, and her title derived from said mortgages and sale thereunder." There being no estoppel pleaded to appellant's claim as to these expenses, the claim of estoppel made in argument cannot be considered. The district court disallowed any credit to the garnishee on account of attorney's fees, but allowed her two hundred and sixty dollars on account of her own services and of clerk hire while engaged in selling goods at retail. Her authority was derived solely from the mortgage. That gave no right to incur expense nor to render services otherwise than in keeping and selling goods as therein provided, namely, at public auction. These items of expense not being a proper credit to the garnishee, it follows that she has that amount in her hands, to which the plaintiff is entitled. The district court found that the garnishee had nine dollars in her hands in excess of the amount due to her, and directed that amount to be applied to the costs, and rendered judgment against the plaintiff for "the costs of this suit except nine dollars." Plaintiff moved to re-tax the costs, upon the ground that, being entitled to the nine dollars, it was the successful party. It is our conclusion that the plaintiff is entitled to recover two hundred and sixty-nine dollars, with six per cent. interest

from the twenty-sixth day of September, 1893, together with the costs of this suit. We need not determine whether the court erred in overruling the plaintiff's motion to re-tax the costs. The case will be remanded for judgment in harmony with this opinion.—REVERSED.

SUPPLEMENTAL OPINION ON REHEARING.

WEDNESDAY, OCTOBER 27, 1897.

PETITION for re-hearing.—*Modified.*

PER CURIAM.—Upon reviewing this case on petition of the appellant for a re-hearing, we reach the conclusion, upon a reconsideration of the evidence, that the garnishee should be charged with fifty dollars retained on account of her own labor, instead of one hundred dollars, as held in the former opinion. The former opinion is therefore modified accordingly, and the petition for re-hearing is OVERRULED.