ANDREW WILSON, Appellee, v. ELMER LINDHART et al., Appellants.

No. 41843.

June .20, 1933.

Rehearing Denied September 21, 1933.

Franklin Jaqua and Frank S. Lovrien, for appellants.

C. W. Garfield, for appellee.

Stevens, J.—It is the theory of counsel for the respective parties that the decisive question in this case depends in large measure upon the issues tendered upon the trial. It is, therefore, necessary that a somewhat extended recital of the pleadings be made. It is alleged in the petition that in September, 1931, appellee was the owner and in possession of certain certificates of stock issued by the appellant corporation; that he delivered the same to Merlin Nelson, his son-in-law, as his agent to be sold with the understanding that the proceeds, or so much thereof as he desired, would be loaned to Nelson; that the certificates were by Nelson delivered to the defendant Elmer Lindhart, who was the president of the corporation, for sale at par. A commission of two dollars per share was to be charged for the services to be rendered.

It is further alleged that $1,000 was advanced by the appellant corporation to Nelson and the net balance of the proceeds of the sale of the stock, amounting to $960, received by the appellant has not been paid, but that same was converted by the defendants. Judgment is asked for the above amount, together with interest and costs. The answer of each of the defendants denied every material allegation of the petition not specifically admitted therein. It was admitted that appellant is a corporation doing business in the state of Iowa; that appellee was the owner of the certificates of stock as alleged by him; and that on or about the month of September, 1931, appellee indorsed or assigned the same in blank. The record shows that when the stock was delivered to Lindhart by Nelson to be sold, the former stated that if the stock could be disposed of, the corporation would advance $1,000 to Nelson. This sum was, shortly

thereafter, advanced to him as promised. Both appellee and Nelson testified to the ultimate facts alleged in the petition. Each denied that it was their intention that Nelson should become the owner of the stock. Nelson had previously purchased a laundry of Lindhart and given notes amounting to $3,200 therefor. He desired to add a dry cleaning department to his laundry and applied to appellee for a loan for that purpose. In connection with the purchase of the dry cleaning equipment, appellee agreed to loan Nelson such portion of the proceeds of the sale of the corporate stock as he might desire to borrow. Lindhart testified that Nelson informed him at the time the certificates of stock were turned over for sale that appellee had given them to him and that he was the owner thereof. This was stoutly denied by Nelson, who testified that he told him the matters recited above in detail. At the time Lindhart received the certificates, a blank assignment printed thereon was signed by the appellee and his signature witnessed by Nelson. During all the time material to this controversy, Lindhart held a chattel mortgage on the laundry to secure the payment of the notes executed to him. One of the notes, which was for $1,010, was held by a bank in Humboldt where the parties resided.

None of the testimony of either appellee or Nelson as to the transactions and relationship between them is controverted by the testimony of any witness. Lindhart testified that the $1,010 note held by the bank was purchased by appellant on the morning of January 18, 1932, and that later, on the same day, he purchased the stock from the corporation, paying it cash therefor. Thereupon, a credit of $960 was indorsed by appellant upon the $1,010 note and Nelson by letter notified thereof.

At the conclusion of the testimony, all parties moved for a directed verdict. The motion of Lindhart was sustained, the motion of appellant overruled, and the motion of appellee sustained. Accordingly, the court directed the jury to return a verdict in favor of the latter.

It will be observed from the foregoing statement that the only issue tendered by the answer was a general denial. Many of the allegations of the petition were specifically admitted. All agree that Lindhart received the stock for sale; that he was either the agent of appellee or Nelson. Nelson denied that he told Lindhart that his father-in-law had given him the stock but affirmed the contrary. He testified that he told Lindhart the facts as claimed by him

in his testimony in detail. Manifestly, however, the jury could have found from the evidence at this point, had the issue been submitted, that Nelson represented to Lindhart that the stock was his. These alleged representations, if made at all, were not made by Nelson in the presence, or with the knowledge, of appellee. Nelson was not the owner of the stock but was, in fact, the agent of appellee to procure a sale thereof. Just how, and for what consideration, appellant acquired title to the stock, is not disclosed. Certainly, no part of the balance claimed to be due was ever paid by appellant to either Nelson or appellee.

It is claimed on behalf of appellant that it purchased the $1,010 note of the bank to which it had been transferred by Lindhart. In the absence of testimony to the contrary, we must assume that the purchase was in good faith. However, appellant parted with no part of the sum paid to it by Lindhart. On the contrary, it merely indorsed a credit of the amount on the $1,010 note.

■ It is the theory of appellee that, in the absence of a plea of estoppel, appellant is not aided by the testimony of Lindhart as to any representations made by him as to the ownership of the stock. The trial court so held. It is, on the other hand, asserted by appellant that no plea of estoppel was necessary. This theory is predicated upon an asserted rule of law that, where a rule of law has been evolved by the courts upon the principle of estoppel, same need not be pleaded. This contention is bottomed upon the language of this court in Johnston v. Hoover, 139 Iowa 143, 117 N. W. 277. The language here employed was not designed to state a rule of law but only to present the claim there made by one of the parties. In other words, it is a mere statement of the contention of counsel and not the pronouncement of a rule of law, as urged by appellant. It will be observed that no issue in any way questioning the title of Lindhart to the stock is involved in this litigation. Nelson was authorized by his principal to obtain a sale of the stock. The only claim asserted by appellee is to the balance of the proceeds received by appellant from the sale thereof. As no plea of estoppel was interposed, the court is not now called upon to determine whether a plea thereof, based upon the record before us, would have availed appellant or not. The question is not before us. The rule is, however, well settled that estoppel, to be available to a party asserting the same, must be pleaded. Dierksen v. Pahl, 194 Iowa 713, 190 N. W. 423; Continental Insurance Co. v. Clark & Cressler,

126 Iowa 274, 100 N. W. 524, Schofield v. Cooper, 126 Iowa 334, 102 N. W. 110; Cloud v. Malvin, 108 Iowa 52, 75 N. W. 645, 78 N. W. 791, 45 L. R. A. 209; Spencer Co. v. Papach, 103 Iowa 513, 70 N. W. 748, 72 N. W. 665; Golden v. Hardesty, 93 Iowa 622, 61 N. W. 913; Eikenberry & Co. v. Edwards, 67 Iowa 14, 24 N. W. 570; Eggleston v. Mason & Co., 84 Iowa 630, 51 N. W. 1; First National Bank v. Zeims, 93 Iowa 140, 61 N. W. 483; McMurray v. Hughes, 82 Iowa 47, 47 N. W. 883; Smith v. American Ins. Co., 197 Iowa 761, 198 N. W. 48; Federal Land Bank v. Sherburne, 213 Iowa 612, 239 N. W. 778.

No prejudice is shown to have resulted to appellant by reason of anything done by appellee or his agent. The balance of the proceeds received from the sale of the stock is still in the possession of appellant. The general issue raised no defense upon the record before us. Some contention is made by appellant that, notwithstanding the absence of any conflict in the evidence, the jury should have been permitted to draw certain inferences from the testimony favorable to appellant. We find no justification in the record for this contention. The evidence introduced to sustain the allegations of the petition is unqualified and without conflict.

II. Appellant formerly maintained its principal business in Humboldt, Iowa. Some time after the transactions involved in this action were had it removed its place of business to Fort Dodge. Lindhart, at all times president of the corporation, resides at Humboldt. After the verdict of the jury was returned and before judgment was entered, appellant moved to transfer the cause to Webster county for trial upon the ground that the action had then been dismissed as to Lindhart. This is the proceeding authorized by section 11051 of the Code of 1931. The court, however, overruled the motion. When the business in question arose, the residence of appellant was in Humboldt county. Appellant still transacts corporate business in that county but does not maintain an office there. It seems to us that the facts fully warranted the court in overruling the motion to transfer. It is sustained by many decisions of this court. Milligan v. Davis, 49 Iowa 126; Morey v. Standard Sep. Co., 174 Iowa 530, 156 N. W. 719; Lake v. Western Silo Co., 177 Iowa 735, 158 N. W. 673; Kabrick v. J. I. Case Threshing Mach. Co., 180 Iowa 598, 163 N. W. 368; Babb v. Herring Motor Co., 193 Iowa 794, 186 N. W. 672; Tracy v. Liberty Oil Co., 208 Iowa 882, 226 N. W. 178.

Having thus disposed of all propositions relied upon for reversal adversely to appellant, it follows that the judgment must be, and it is, affirmed.—Affirmed.

KINDIG, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.