MITCHELL S. SMITH, appellant, v. SYLVIA L. SIECHERT and WILLIAM SIECHERT, wife and husband, appellees.

No. 50549.

MARCH 6, 1962.

L. D. Dennis and Robert C. Nelson, both of Cedar Rapids, for appellant.

Thomas M. Collins, of Cedar Rapids, for appellees.

THORNTON, J.—This is an action to quiet title. The question presented is, does plaintiff's evidence overcome the presumption of valid delivery of a duly executed and recorded deed? The trial court held it did not and dismissed plaintiff's petition. We agree.

Plaintiff, age 81, brings this action against his daughter, Sylvia, age 52, and her husband. It is his claim the deed was taken without his permission and recorded.

If there are any undisputed facts in the record, they and inferences to be drawn therefrom are as follows. Plaintiff and his wife, Ettie, had owned and occupied their home in question here for a number of years. They had two children, the defendant, Sylvia, and a son, Wesley, age 49. Prior to the time pertinent here plaintiff and his wife had given a house and lot to Wesley and some property to their daughter. On March 6, 1958, plaintiff and his wife executed a deed to their home to their daughter and her husband. This deed was an absolute conveyance on its face, there was no reservation of a life estate in the grantors. The execution of this deed was known to the defendant, Sylvia, and her brother, Wesley, shortly after it was executed. May 18 is the birthday of plaintiff and his daughter. In 1958 this occasion was celebrated by a dinner and exchange of gifts at plaintiff's home. The dinner was in the basement, finished as living quarters. The deed executed March 6 was displayed and discussed. It is not necessary to decide whether or not there was a valid delivery at that time. Defendants vigorously contend there was. However, they exercised no dominion over the property pursuant to this delivery. The deed was left with plaintiff.

On July 13, 1958, Ettie, plaintiff's wife, died. This left plaintiff alone in the home. Without attempting to decide at whose instance the matter was first brought up, it was decided by conferences between Wesley, Sylvia, their spouses, and plaintiff, that Sylvia and her family, her husband and two sons, should move in with plaintiff. Sylvia would take care of plaintiff's

meals, laundry, etc. Expenses were to be shared. This was done. Defendants rented their home and moved their furniture into plaintiff's home. Defendants decided some improvements and repairs on the home were desirable if not necessary. These were discussed with plaintiff and his objection was they were not necessary, not that he was the owner and his daughter and her husband were not.

I. There is a sharp dispute in the evidence as to whether or not plaintiff delivered the deed to the home to his daughter to be recorded. Both defendants testified he did and place the time at shortly after they moved in and at a time the repairs and improvements were under discussion. Wesley testified, referring to the same time, that his father, the plaintiff, told him the defendants were going to record the deed, and that the statement was made while his father and he were discussing the advisability of an F.H.A. loan by defendants to pay for the improvements. The plaintiff testified he did not give the deed to the defendants to be recorded. The deed was kept in what is referred to in the evidence as a vault. This was a container placed in the basement wall by plaintiff. It was not locked and was accessible to all in the home. Plaintiff contends the deed was taken without his permission and the first he knew defendants had it or of the recording was when his daughter waved it in his face and advised him it had been recorded. Plaintiff testified this happened shortly after the deed was recorded on August 26, 1958. Shortly thereafter the repairs and improvements were made and defendants obligated themselves for the payment thereof. The record does not indicate whether or not a mortgage was placed on the home. This suit was not commenced until March of 1960. The evidence shows a great deal of family discord. Plaintiff started eating and, to some degree, sleeping away from the home. It is not necessary to determine who is at fault in this regard.

There is a rebuttable presumption a duly executed and recorded deed, as here, was delivered and the burden is on the party asserting nondelivery to so prove by clear and satisfactory evidence, or, as sometimes stated, by clear, satisfactory and convincing evidence. Robinson v. Loyd, 252 Iowa 1086, 109 N.W.2d 619; Watts v. Archer, 252 Iowa 592, 107 N.W.2d 549; Adler

v. Abker, 251 Iowa 915, 103 N.W.2d 761; Jeppesen v. Jeppesen, 249 Iowa 702, 88 N.W.2d 633; and citations in these authorities.

 Our review is de novo in equity cases, however we give weight to the findings of the trial court. Robinson v. Loyd, Watts v. Archer, Adler v. Abker, and Jeppesen v. Jeppesen, all supra.

 In determining similar fact questions we have given particular importance to the acts of ownership exercised by the parties. In Jeppesen v. Jeppesen, at page 710 of 249 Iowa, and page 638 of 88 N.W.2d, we quoted 4 Tiffany Real Property, Third Ed., section 1045, page 222, as follows:

"* * * that the grantor acts as if the title had or had not passed to the named grantee would certainly appear to be strong evidence of his intention that the instrument should or should not operate to pass the title."

 The Robinson case and the Adler case, as well as the Jeppesen case, were decided upon acts of ownership. In this case plaintiff, the grantor, allowed the defendants to repair and improve the property without one word of complaint on the basis defendants did not own the property. He did not claim they did not own the property until this suit was started some 18 months after the deed was recorded. There is no evidence he complained on this basis during that period. His explanation is, "To let it ride and take its own course." This is hardly the reaction of a person from whom a deed has been taken and placed of record without his permission.

There is a strong indication in the evidence plaintiff brought this action because of family discord arising after the deed had been delivered and recorded. We agree with the trial court that plaintiff has failed to carry the burden of proof placed on him. His denials of delivery are not as convincing as his actions.

II. Appellant's motion to tax costs, and appellees' motion to strike appellant's reply brief and argument are both overruled.

The decree of the trial court dismissing plaintiff's petition is correct and it is hereby affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.