## Clark v. Allen *et al.*

Conveyance: FILLING OF BLANKS: PARTNERSHIP. A B and C, being partners, purchased a certain tract of land. A deed was executed by the grantor, regular in all respects, except that the name of the grantee was omitted. This was done for the purpose of enabling the partners to insert the name of the purchaser from them, when they should make a sale. Subsequently to the execution of the deed, one of the partners, A, who held the instrument for the firm, and to whom the firm was indebted, with the consent of B, but without the knowledge or consent of C, inserted his own name and gave the firm credit for the value of the land on its indebtedness to him. Subsequently A sold and conveyed the land to a third party without knowledge of the facts. After this, a creditor of the firm obtained judgment against it, and thereunder the property was sold to a purchaser without any actual knowledge of the conveyance of A, or of the facts connected with the conveyance to him. *Held*, that the grantee of A had the superior title.

*Appeal from Iowa District Court.*

FRIDAY, APRIL 19.

ACTION in chancery to quiet in plaintiff the title of certain lands. Upon a hearing the relief prayed for by plaintiff was denied, and a decree accordingly entered. Certain taxes paid by plaintiff upon the land were adjudged to be repaid him, and the same declared to be a lien upon the property. Plaintiff appeals. The facts of the case appear in the opinion.

*Clark & Haddock* for the appellant.

*Robinson & Patterson* for the appellees.

Beck, Ch. J. — I. We are of the opinion that the evidence indisputably establishes the following facts : Kauffman, Borland and Clark were copartners, doing business under the firm name of Kauffman, Borland & Co. in 1859. The business of the firm has never been settled up. Borland died in 1867 or 1868. In the year first named, 1859, the firm purchased of Griffin, and paid for, the land in controversy. A deed was executed by Griffin, properly describing the land, and regular in all respects, except that the name of the grantee was omitted, the proper blank being left for its insertion afterward. This was done for the purpose of enabling the partners, when they sold the land, which they intended to do, to convey it to the purchaser by writing his name in the deed, thereby avoiding the necessity of the execution of another instrument. The deed was held by Kauffman for the firm. Some time after 1864, the precise date not appearing, Kauffman filled up the blank in the deed with his own name as grantee, and he gave the firm credit for the value of the land upon its indebtedness to him. This was done with the consent of Borland, but without Clark's knowledge or assent. Griffin was not consulted in regard to the filling of the blank with the name of Kauffman, and did not consent thereto nor ratify it after it was done. Kauffman conveyed the land in payment of his individual indebtedness, or in payment of certain property bought by him, and under his grantee, defendant Allen claims title. The deed executed by Griffin was filed for record February 20, 1865.

II. Fahnestock and Baker recovered a judgment against Kauffman, Borland & Co., in an action before a justice of the peace, which was filed in the clerk's office of the proper county, and an execution issued thereon February

24, 1865. A transcript of this judgment was, on the same day, filed in the clerk's office of the county in which the land is situated. Plaintiff became the purchaser of the land at the sale thereof under this execution, and had no actual knowledge of the claim or title of Kauffman, or defendants, to the land. He now holds a sheriff's deed to the property. At the time of the levy of the execution the firm held other real estate, besides its interest in the land in controversy, the value thereof is, however, not shown, neither does it appear what the pecuniary condition of the several partners was at any time.

III. The rights of the respective parties to this suit are to be determined upon the foregoing facts.

It may be conceded that the deed executed by Griffin being incomplete in not containing the name of a grantee, a necessary party thereto, did not divest the grantor therein of the legal title, and that the insertion of the name of Kauffman, without the consent or subsequent ratification of Griffin, did not vest him with the legal title. See *Simms* v. *Harvey*, 19 Iowa, 273; *Owen* v. *Perry*, 25 id. 412; *Devin* v. *Himer*, 29 id. 297. But by the contract of purchase and the payment made by the firm for the land, the copartners acquired the equitable title thereto; the right to the land and the right to enforce a conveyance of the legal title from Griffin to themselves. *Switzer* v. *Knapps*, 10 Iowa, 72. This equity was subject to contract and sale by the firm, and to sale upon execution as other property. Plaintiff's claim thereto is based upon the execution sale; defendants', upon the transfer made by Kauffman. Either of these transactions was sufficient to transfer the interest of the firm in case of the existence of no conflicting equity. This may be, for the purposes of this inquiry, conceded as to the sale upon execution. Whether the position be true as to the transaction by Kauffman, demands a word of inquiry. The equitable interest in the land held by the firm was subject

to disposal by the partners as other property. Kauffman was authorized to sell it, or to contract for its sale. The firm was owing him and he was authorized to take property belonging to the firm in payment of his claim, if it were done without fraud or injury, as to the other partners or the creditors of the firm. The transaction had no such effect. The firm had other property, and it does not appear that the creditors were delayed or hindered in the collection of their claims, or that the other parties were in any degree prejudiced. The equity of Kauffman himself against the other creditors of the firm and against the other copartners must be supported.

The equity of defendant, who claims the land under Kauffman without notice of the infirmities of the title he acquired, is still stronger.

Plaintiff's claim is based upon the fact that the land was sold for the payment of a firm debt. The same equity is at the foundation of defendant's claim with this other equitable consideration, viz.: It was acquired first without any attending circumstances which would have put a reasonably prudent man upon inquiry as to the validity of the title. On the other hand, when the execution was levied, the defective deed executed by Griffin, as well as a deed from Kauffman to an intermediate grantee, was on record, and at the time of the sale, a deed from such grantee to defendant's immediate grantor, had been duly filed with the recorder of deeds.

These deeds appearing of record were certainly sufficient to put plaintiff upon inquiry, which would have resulted in advising him of the existence of defendant's prior equity. These views bring us to the conclusion that the district court properly denied the relief prayed for in plaintiff's petition.

Affirmed.