WILSON v. TROWBRIDGE.

1. **Former Adjudication:** WHAT IS NOT: WITHDRAWING OF INTER-VENOR. Where the claimant of attached property appeared in the attachment suit and took time to file a petition of intervention, but a few days afterwards withdrew his appearance, and afterwards a judgment was rendered against the attachment defendant, with an order for the sale of the property, *held* that such judgment did not in any way affect the rights of the intervenor, and was not a bar to an action by him to recover the property.

2. **Practice in Supreme Court:** INSTRUCTION: ERROR WITHOUT PREJUDICE. This court will not review an instruction when it appears that, even if it was erroneous, it could not have prejudiced the appellant under the facts proved.

*Appeal from Shelby Circuit Court.*

SATURDAY, MARCH 12.

THIS is an action of replevin for certain horses. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*Foss & Hellyer*, for appellant.

*Macy & Gammon*, for appellee.

ROTHROCK, J.—I. The plaintiff claimed the possession of the property by virtue of two chattel mortgages executed to him by one Joseph Bucher. The defendant is sheriff of Shelby county, and was in possession of the horses in controversy by virtue of a writ of attachment sued out by one Quinn. It was claimed by Quinn in his attachment proceedings that the property was subject to a landlord's lien for the rent of certain land leased by him to Bucher. After the attachment suit was brought, the plaintiff herein made an appearance in that suit by his attorneys, and took time to file a petition of intervention in the action. He filed no petition of intervention, and within a few days thereafter his attorneys withdrew their

appearance for him. The plaintiff in that action took judg-ment against Bucher for the rent, and procured an order for the sale of the attached property. The action at bar was then pending, and the plaintiff's mortgages are upon the same property as that ordered sold in the attachment suit. The defendant herein pleaded these facts, and claimed that the rights of the plaintiff were adjudicated in the attach-ment suit. The plaintiff demurred to this defense, and the demurrer was sustained. Defendant complains of this rul-ing of the court. We think it was correct. Quinn did not make the plaintiff herein a party to his attachment suit. He appeared voluntarily, and announced his intention of making himself a party by intervention. But he reconsid-ered the matter, withdrew, filed no petition of intervention, and did not make himself a party to the suit. There was no issue between him and Quinn that could be adjudicated, and when the appearance was withdrawn the *status* of the case was the same as if he had made no appearance.

II. The court, in its instruction to the jury in reference to the property of a tenant upon which the landlord is enti-tled to a lien for rent, under section 2017 of the Code, held, in effect, that the lien attached to such property as was "used on the premises" in the conduct of the farm by the tenant, but not to such live-stock as may be running at large on the prem-ises, and growing up for the market, or unfit for use. The defendant complains of this instruction as embodying an incorrect rule of law. We need not determine this question, because the evidence shows without conflict that none of the property in question was at any time upon Quinn's land. If the instruction was erroneous, it could not possibly have prejudiced the defendant, because, under the proven facts, he had no landlord's lien thereon.

2. PRACTICE in supreme court: in-struction: er-ror without prejudice.

AFFIRMED