## SPRAGUE v. WHITE.

1. **Vendor and Vendee:** NOTICE: POSSESSION AFTER RECORDED CON-
VEYANCE: FORECLOSURE OF MORTGAGE: PARTIES: REDEMPTION.
The rule that possession of real estate is notice to all the world of the
rights of the possessor does not apply where the possession is continu-
ous after a full conveyance by the person in possession, and the record-
ing of such conveyance. (Compare *Koon v. Tramel*, 71 Iowa, 132.) And
so, where such conveyance, absolute upon its face, was based upon an
oral agreement to reconvey upon certain conditions, which were after-
wards complied with, and a reconveyance made accordingly, which,
however, was not recorded, and the grantee in the first conveyance mort-
gaged the land while the record title was perfect in him, *held* that
the grantee in the reconveyance was not a necessary party to the fore-
closure of the mortgage, and had no right in equity, on account of the
fact that she was not made a party, to redeem from the purchaser at the
foreclosure sale.

2. ———: ———: LIS PENDENS: WHEN NOT APPLICABLE: PURCHASER AT
FORECLOSURE SALE. Section 2628 of the Code, providing that when a
petition has been filed affecting real estate it is notice to third persons
of plaintiff's rights, etc., applies only in cases when, pending the action,
a third person deals with reference to the subject-matter with a party
to the action. (Compare *Parsons v. Hoyt*, 24 Iowa, 154.) And where,
at the time of the foreclosure of a mortgage, an action involving the
land was pending between parties who both claimed under the mortga-
gor, and one of these parties was made a defendant to the foreclosure,
but the other was not, *held* that the pendency of the action was not
notice to the mortgagee of the interest of such other party in the land,
and that a purchaser at the foreclosure sale took the land unincumbered
by any such interest.

*Appeal from Adair District Court*—Hon. J. H. HENDER-
SON, Judge.

SATURDAY, DECEMBER 31.

PLAINTIFF brought an action in equity to quiet in him the
title to certain real estate. He claims title under a master's
deed, given under a sale by a master in chancery of the
United States circuit court for the southern district of Iowa,
under a judgment for the foreclosure of a mortgage. Defend-
ant alleged that she was the owner of the property. The dis-
trict court adjudged that defendant was entitled to redeem

from the mortgage sale, and the judgment determines the amount which she is required to pay in making the redemption. Both parties appeal.

*C. S. Fogg* and *C. W. Neal*, for plaintiff.

*Gow & Hager*, for defendant.

REED, J.—The facts, as we find them to be, are as follows: Prior to the 2d of December, 1876, John White, who was defendant's husband, was the owner of the property, and on that day he conveyed it to her. Subsequently, W. M. Rogers recovered a judgment against said John White, and defendant became surety on the bond for the stay of execution thereon. On the 6th of March, 1878, defendant and her husband conveyed the premises to L. L. Durham, and the conveyance was duly recorded. On the 11th of May following, the property was sold on execution issued on the Rogers judgment, the judgment plaintiff being the purchaser, and a sheriff's deed was executed to him, and on the 21st of the same month he executed to Durham a quitclaim deed of the premises. There was a parol agreement between Durham and defendant and her husband that, upon the payment of certain moneys which he had advanced to them, he would reconvey the property to John White. Defendant and her husband remained in possession of the property up to the time of the death of the husband, which occurred on the 2d of October, 1881, after which defendant continued in possession. On the 7th of January, 1880, Durham, by direction of John White, executed a conveyance of the property to Orlando White, who is the son of John White by a former marriage. That deed remained in John White's possession until his death, when Orlando obtained possession of it, and caused it to be recorded. On the 5th of November, 1881, Durham executed a conveyance of the property to defendant and the surviving children of John White. That deed was delivered to defendant at the date of its execution,

but has never been recorded. On the 30th of November, 1880, Durham executed a mortgage on the property to Lewis Lombard, to secure an indebtedness of $600. In January, 1883, defendant filed her petition in the district court, in which she alleged that the property belonged to John White at the time of his death, and she prayed that her distributive share therein be admeasured. Orlando White was made defendant in the action, and he answered, alleging title to the property in himself, under the deed from Durham, of January 7, 1880. In her reply defendant alleged that said deed was without consideration, was never delivered, and that Orlando obtained possession of it by fraud, and she prayed that it be canceled. The issue thus joined was tried on the 6th of February, 1886, and judgment was entered for defendant, establishing her right to a distributive share of the property, and the court appointed commissioners to admeasure such share, and the commissioners subsequently filed a report of their doings in the premises, which has been approved by the court. On the 20th of December, 1884, Lombard brought suit for the foreclosure of the Durham mortgage, making Durham and Orlando White defendants, and a judgment of foreclosure was entered on the 20th of May, 1885, and, on the 22d of July following, the property was sold by the master under the judgment, Lombard being the purchaser. He subsequently assigned the certificate of purchase to plaintiff, and, at the expiration of one year from the date of the sale, the master executed to him a deed of the premises.

No question is made as to the validity of the mortgage, but the sole question in the case is whether defendant is barred of the right to redeem from the mortgage by the foreclosure proceedings, and the sale and deed thereunder. As Durham, at the request of John White, executed and delivered to him the deed to Orlando White, the strong presumption is that the condition upon which he was to reconvey the land had been performed; but, as that deed was never deliv-

ered to Orlando, it never became effective as a conveyance. At his death, then, John White was the equitable owner of the property, but the legal title was in Durham; and his subsequent conveyance to defendant and the surviving children of White passed the title to them. When the foreclosure suit was instituted, defendant was entitled to a distributive share of the property, and had the right to redeem from the mortgage; but the evidence of her right, viz., the deed from Durham to her and the children, was not then of record, nor was it recorded when the master's deed was executed. She was not made a party to the foreclosure suit, but she was then in possession of the property, and continued in possession when the deed to plaintiff was executed; and during the same time her suit for the establishment of her right in the property, and the admeasurement of her share, was pending. It is conceded that the rule is that a purchaser of real estate at judicial sale takes the same discharged of the rights and equities of third parties of which he has no notice. It is contended, however, (1) that, as defendant was in possession at the time of the sale, the purchaser was bound to take notice of the claim or right under which she held possession; and (2) that the pendency of her action for the admeasurement of her share of the property created a *lis pendens,* which imparted constructive notice to the world of her right.

I. The effect of defendant's possession of the property is defeated by the fact that her deed to Durham was recorded when plaintiff's rights accrued. Plaintiff stands in the position of a purchaser from Durham, who was defendant's grantee; and her possession after full conveyance did not impart constructive notice to a purchaser from her grantee of any right or interest retained by her in the property. (*Koon v. Tramel,* 71 Iowa, 132.) Nor was it notice of a subsequently acquired right in the property; for the possession was continuous after the execution of the conveyance to Durham. There was no relinquishment of possession, and re-entry,

1. VENDOR and vendee: notice: possession after recorded conveyance: foreclosure of mortgage: parties: redemption.

when the new right accrued; if, indeed, it can be said that a new right did accrue when the condition was performed upon which Durham was bound to reconvey. Neither is the case affected by the fact that, after the conveyance to Durham, the property was sold under the Rogers judgment. As that judgment was a lien on the property at the time of the conveyance to him, Durham was divested of title by the sheriff's sale, and deed thereunder, and he held the property subsequent to that under the deed from Rogers to him. But that is immaterial. The ground upon which it is held that the effect of defendant's possession, as notice of a right in her, is defeated by the conveyance to Durham, is that by that deed she voluntarily relinquished all interest in the property, and the record thereof was notice to the world of such relinquishment; and it can make no difference as to the effect of such notice that the grantee was subsequently divested of the property by the sheriff's sale and deed.

II.   It is provided by statute (Code, § 2628) that, "when a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and, while pending, no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title, if the real property affected be situated in the county where the petition is filed " The proceeding for the admeasurement of defendant's interest in the property certainly was a proceeding affecting real estate, within the meaning of that section. It has been held, however, that the section applies only in cases when, pending the action, a third person deals with reference to the subject-matter with a party to the action. (*Parsons v. Hoyt*, 24 Iowa, 154.) Orlando White was a defendant in the action for the foreclosure of the mortgage. He was made a party, doubtless, for the reason that, by the deed from Durham to him, which was then of record, he appeared to be a subsequent purchaser of the property. It is contended that the title conveyed to plaintiff by the mas-

2. ——: ——: lis pendens: when not applicable: purchase at foreclosure sale.

ter's deed was acquired through him, and that, as he was a party to defendant's action in the district court for the admeasurement of her distributive share, plaintiff was charged with notice of her claim when he purchased the property. But it is not true that plaintiff acquired title under or through him; nor did he take any interest in the property under him. The title conveyed by the master's deed relates back to the date of the mortgage. It passed by virtue of the mortgage and the foreclosure proceeding. Orlando White took the interest in the property which descended to him on the death of his father, subject to the mortgage; and it was liable to be defeated by the foreclosure of that instrument. As against the mortgagee, the only right he acquired was to redeem from the mortgage; and that right was cut off by the foreclosure and sale. While, therefore, the foreclosure proceedings had the effect to terminate his right in the property, they did not operate to transfer any right or interest from him to plaintiff, and plaintiff is in no sense a purchaser from him, but he occupies the position of a purchaser from Durham. The proceeding in the district court for the admeasurement of defendant's distributive share in the property was a contest between parties claiming under Durham; but whatever rights they had in the property accrued subsequent to those of the mortgagee, and his rights were in no manner drawn in question in the proceeding; nor was any matter upon which any right of his depended, involved in it. He was not, therefore, charged by the pendency of the proceeding with notice of defendant's claim. And plaintiff, who occupies the same position, acquired the property discharged of her equity.

As we reach the conclusion that defendant is not entitled to redeem, we need not consider the questions arising on her appeal.

REVERSED.