MAY *et al.* v. STURDIVANT *et al.*

1.   **Vendor and Vendee :** SALE TO CO-TENANT : CONTINUED POSSESSION AS NOTICE.   A portion of the tenants in common of an estate were in possession thereof, and they purchased the interest of one of the other co-tenants who was not in possession, but the deed was not recorded.   There was no visible change in the possession of the estate, but some improvements were made thereon. Afterwards a judgment was recovered against the co-tenant who had conveyed, and her original interest in the land was sold thereunder and purchased by the defendant, who had no actual knowledge of the prior conveyance.   *Held* that the continued possession by the purchasing co-tenants did not, under the circumstances, charge defendant with notice of such purchase, and that defendant's title was superior to theirs. ( See opinion for authorities cited ).

2.   **Agency :** HUSBAND ACTING FOR WIFE : ADMISSIONS BY.   Although a husband is accustomed to act as agent for his wife in the management of her property, admissions made by him when not acting for her are not binding upon her, and not admissible as evidence against her.

3. **Judicial Sale:** ACTION TO SET ASIDE: PLEADING. A petition to set aside an execution sale of land alleged simply that the defendant purchased the property at the sale and obtained a deed to it, and had actual and constructive notice at the time of the rights of plaintiff. *Held* that this was equivalent to saying that she had paid the amount of her bid; and that plaintiff could not be heard to claim, on appeal, that the testimony showed that she had not so paid, and was not a *bona-fide* purchaser.

*Appeal from Appanoose District Court.*—HON. DELL STUART, Judge.

FILED, SEPTEMBER 7, 1888.

ACTION in equity to quiet in plaintiffs the title to certain real estate. Judgment for plaintiffs, and defendants appeal.

*George D. Porter*, for appellants.

*T. M. Fee*, for appellees.

REED, J.—The father of the plaintiffs, in his lifetime, was the owner of the property in controversy. He died intestate, in 1876, leaving a widow and eleven children surviving him. After his death, the widow and plaintiffs, who are unmarried, and a brother, who was also a single man, occupied the premises as a place of residence. In 1883, plaintiff John H. May and the single brother spoken of above purchased of Elizabeth Gilbert, a married sister, her interest in the estate, and received a conveyance thereof from her and her husband. In 1884, defendant J. M. Sturdivant recovered a judgment against Elizabeth Gilbert in one of the courts of Appanoose county. An execution issued on that judgment was levied on an undivided one-eleventh of the property as the property of Mrs. Gilbert, and the same was sold in satisfaction of the judgment; defendant Elizabeth Sturdivant, who is the wife of J. M. Sturdivant, being the purchaser; and the sheriff subsequently executed to her a deed. Before said judgment was rendered, the single brother, who united with plaintiff John

H. in the purchase of Mrs. Gilbert's interest, conveyed all his interest in the estate to the plaintiffs Mary A., Hattie E. and Melissa. At the time of the sheriff's sale, however, neither that deed nor the one from Mrs. Gilbert was recorded. But plaintiffs were in actual possession of the premises, their possession having been continuous from the death of their father. In addition to the foregoing facts, it is alleged in the petition that defendants were charged with constructive notice of plaintiffs' rights by their possession of the premises. Also, that they had actual knowledge at the time of the sheriff's sale of the sale and conveyance by Mrs. Gilbert.

I. The general rule certainly is that the purchaser of real estate is chargeable with notice of the equities of

1. VENDOR and vendee: sale to co-tenant: continued possession as notice.

one in possession. There are exceptions and limitations, however, to this as to all general rules. It is settled, in this state, that possession by a grantor, after full conveyance, is not constructive notice to subsequent purchasers of any right reserved in the land by the grantor. *Koon v. Tramel*, 71 Iowa, 132; *Sprague v. White*, 73 Iowa, 670. See, also, the authorities cited in the opinion in the first case. It has also been held that where one is in possession under some right which appears of record, his possession is not constructive notice of another or different right, but is referable to that right. *Rogers v. Hussey*, 36 Iowa, 664; *Brown v. Wade*, 42 Iowa, 647; *Bonnell v. Allerton*, 51 Iowa, 166. In *Rogers v. Hussey*, plaintiff purchased the property, receiving a bond for a deed, and paying the greater part of the purchase price. He subsequently paid the balance, and received a deed, which was duly recorded. But in the meantime a creditor of the vendor had recovered a judgment against him, on which execution issued, and the property was sold. Plaintiff was in possession at the time of the sale, but it was held that his possession did not impart constructive notice of his ownership before the execution of his deed, and as by the record he appeared to have taken the property subject to the lien of the judgment, he was divested of the title by the execution sale. And the same doc-

trine was applied in the other cases. That holding
appears to be conclusive of the question which arises on
the facts of this case. Before the purchase of Mrs. Gil-
bert's interest, plaintiffs were tenants in common with
her in the whole estate. As such they were entitled to
enter and use the whole of the property. Freem. Co-
Tenancy, secs. 248, 249 ; *Com. v. Lakeman*, 4 Cush. 597 ;
*Carpenter v. Webster*, 27 Cal. 544. At the time of the pur-
chase they were in possession under that right. There
was no change of possession after that, for Mrs. Gilbert
had never occupied or used the premises. Some
improvements were made on the premises after the pur-
chase of Mrs. Gilbert's interest, it is true, but there is no
evidence that either of the defendants knew that these
improvements were made exclusively by plaintiffs. Pos-
session was originally taken by plaintiffs under a right
which was matter of record, and it cannot, under the rule
as settled by the cases cited, be held to have constituted
constructive notice of the new or additional right
acquired by them under the deed from Mrs. Gilbert.

II.   Elizabeth Sturdivant is the owner in her own
right of considerable property, and her husband has
acted generally as her agent in the manage-
ment, care and disposition of her property.
The only evidence which tends to show

2. Agency: hus-
band acting
for wife: ad-
missions by.

actual knowledge by either of the defendants before the
execution sale of the purchase by plaintiffs of Mrs. Gil-
bert's interest, is that which tends to establish certain
admissions by the husband to the effect that he knew of
the existence of the deed from her to them. On the
trial, however, he testified positively that he did not
have such knowledge. He also denied that he ever made
the admissions attributed to him. If it should be
admitted that their relations were such that his knowl-
edge would be imparted to her—a matter of serious
doubt, however, as he did not act for her in the purchase
of this property—still the evidence by which that knowl-
edge is sought to be proven is, as against her, entirely
incompetent ; for there is no pretense that when he made
the alleged admissions he was acting for her.

III.   When Mrs. Sturdivant bid in the property at the sheriff's sale she did not pay over to the sheriff the amount of her bid. She testified, however, that her husband had money belonging to her in his hands at the time

**3. Judicial sale; action to set aside: pleading.**

sufficient to satisfy his judgment, and that she had given him credit for the amount of his bid on the amount he was owing her.   It was contended in argument that she is not a purchaser for value.   We deem it sufficient to say on this subject that no such question was made in the pleadings.   The petition alleges simply that she purchased the property at the sheriff's sale, and had obtained a deed to it, and that she had actual and constructive notice at the time of the rights of plaintiff. These averments do not raise an issue of that character. They inform the defendant simply that plaintiffs were relying on the facts of such notice to defeat her title. Indeed, the averment that she purchased the property, and had obtained a deed, is equivalent to an averment that she had paid the amount of her bid, for upon a failure of a purchaser, at a sheriff's sale, to pay the amount of the bid, or make some arrangements with reference to it, satisfactory to the judgment creditor, it is the duty of the officer to disregard the bid, and again offer the property.   We think the judgment of the district court cannot be sustained.

