JAMES M. TRULIN, Appellee, v. WM. J. PLESTED et al., Appellants.

**ATTORNEY AND CLIENT: Professional Conduct—Filing Answer for Adversary.** The conduct of an attorney, in filing an answer on behalf of one against whom he had been consulted by the cross-petitioner, is not necessarily a violation of professional propriety. So held where such filing did not in any manner prejudice the substantial right of the one against whom the 'answer was filed.

**QUIETING TITLE: Possession—Notice Imparted—Possession by Vendor.** Possession of real estate by one, after he has formally conveyed it, imparts no constructive notice of any claim of right on his part *adverse to the title so conveyed.*

**EVIDENCE: Burden of Proof—Quieting Title.** One who conveys his land, and later seeks to quiet title against a third party who purchased of his vendee, has the burden to show:

(1) The fraud of his vendee.

(2) The prompt rescission on discovering the fraud practiced by vendee.

(3) That the third party took title with knowledge of said fraud.

Evidence reviewed, and held insufficient to meet the third burden.

*Appeal from Guthrie District Court.*—J. H. APPLEGATE, Judge.

FRIDAY, OCTOBER 27, 1916.

SUIT in equity to quiet plaintiff's title to land. There was a decree as prayed, and defendants appeal.—*Affirmed.*

*Carl P. Knox, C. E. Berry* and *A. M. Fagan,* for appellants.

*Milligan & Moore,* for appellee.

WEAVER, J.—The defendant William J. Plested was formerly the owner of the land in controversy. Through the agency of one Grisell, he sold and conveyed the land to John Roberts, in exchange for lands owned by the latter in Nebraska. Later, Roberts sold and conveyed the land to the plaintiff in this action. Thereafter, Plested, claiming to have been defrauded in the deal with Roberts, denied the validity of the title acquired by plaintiff, who began this proceeding to quiet same.

Plaintiff obtained his title from Roberts by warranty deed, and says that he took the same in good faith for a valuable consideration, without notice or knowledge of any adverse claim on Plested's part. The defendant Plested, in answer to the petition, alleges that he was induced to make the deed to Roberts by false representations on the part of the latter concerning the character, quality and value of the Nebraska land, and that, soon thereafter, and before Roberts had made conveyance to him of the Nebraska land, he learned of the fraud which had been practiced upon him and rescinded the exchange,—of all which he says plaintiff had notice when he took the conveyance from Roberts. Relying upon this defense, Plested asks that the petition be dismissed, and that his title be quieted against the plaintiff. Roberts was also made a defendant, and filed an answer by attorneys Milligan & Moore (who also represent plaintiff), in which answer he, in substance, conceded the plaintiff's title to be as stated in the petition. In reply to the answer of Plested, plaintiff alleges that, prior to consummating the deal with Roberts, he met Plested, who was then in possession of the land, and, being told that plaintiff was to make a trade for it, Plested informed plaintiff that his possession was as tenant only, and did not

in any manner disclose or assert any other right or claim of title, until after the deal between plaintiff and Roberts had been fully consummated. Other matters pleaded are not material in passing upon the appeal.

I. At the opening of the trial below, the defendant moved for an order that the firm of Milligan & Moore, appearing as counsel for plaintiff, be excluded from any further part in the proceedings; because they, or one of them, had been consulted by the defendant with reference to the bringing of an action against Roberts for his fraud in the original deal, and had undertaken to represent his interests against the said Roberts. The motion was denied by the court, and of this the appellants complain.

1. ATTORNEY AND CLIENT: professional conduct: filing answer for adversary.

It does not appear that either Milligan or Moore had ever been consulted by defendant with respect to his interests or claims against the plaintiff in this case. The utmost which they had done was to become engaged, tentatively perhaps, to assist in presenting the defendant's claim or claims against Roberts, and it was quite possible for defendant to have a good cause of action against Roberts and yet be without a good or sufficient defense against the right of plaintiff, if a purchaser without notice, to have the title quieted in him; and there would be no clear violation of professional propriety in advocating plaintiff's suit in such case and in representing defendant in asserting a claim for damages against Roberts. It may be true that a sensitive regard for the proprieties would have prevented their filing answer for Roberts in a suit to which they had made him a defendant, but the answer was, in effect, a simple admission of the truth of the claim set up by plaintiff. It took no issue with the plaintiff and asserted no cross-claim against the appellant. The impropriety, if any there was, was purely of a formal character and did not in any manner prejudice the substantial rights of the appellant.

II. That appellant was defrauded in his deal with

Grisell and Roberts may be true, but the central question in the case is whether plaintiff acquired his title without notice of the appellant's alleged rescission or right to rescind. The trial court, after hearing the evidence, sustained the affirmative of this proposition, and we think there can be little doubt that the record will permit no other conclusion.

2. QUIETING TITLE: possession: notice imparted: possession by vendor.

It is true that appellant was in possession of the land when plaintiff took the conveyance from Roberts, but, having sold and conveyed to Roberts, his continued possession imparted no constructive notice of any claim of right on his part adverse to the title so conveyed. On the contrary, it was to be presumed that his possession under such circumstances was that of a mere hold-over, or tenant at will of the grantee to whom his conveyance had been made. *Dodge v. Davis*, 85 Iowa 77; *Sprague v. White*, 73 Iowa 670; *Koon v. Tramel*, 71 Iowa 132.

Though he could readily have done so, appellant does not pretend to say that he ever informed or notified appellee of any purpose to repudiate the deal with Roberts, until after the conveyance from Roberts to appellee had been made and delivered. On the contrary, it is satisfactorily shown that, before dealing

3. EVIDENCE: burden of proof: quieting title.

with Roberts, the appellee had a conversation with appellant concerning his possession of the farm, and appellant told him he was there as a renter or tenant only. This he does not deny. Indeed, the plan or purpose to attempt a rescission of the trade with Roberts seems to have been an afterthought, which did not take possession of his mind until a year and a half after the alleged fraud was perpetrated upon him, and after the deal between Roberts and the appellee had been substantially perfected. The deal between him and Roberts took place in October, 1912; and, as late as March, 1914, he gave his note to Roberts to cover an item of interest upon an outstanding indebtedness secured by mortgage upon the land in controversy, payment of which item he had assumed in the very contract which he now asks the court to permit

him to rescind. Testimony of a third party to the effect that, in some conversation with appellee, before the latter purchased the land, witness warned him that there was likely to be some trouble over the property, does not materially affect the situation. The witness makes no claim to having informed appellee that the suggested trouble would arise out of the deal between appellant and Roberts, but the clear inference from his statement is that he had reference to the fact that Roberts had already entered into an executory contract with one Watkins for the sale of the same property.

It is unnecessary to pursue the discussion further. The burden was upon appellant, not only to prove the alleged fraud by which he was misled into the conveyance of his land to Roberts, and his rescission of such conveyance promptly upon ascertaining the truth, but also to prove that the appellee took the title from Roberts with notice of these facts. In this latter respect, at least, there is a manifest failure of proof.

The decree below is right, and it must be, and it is,— *Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.