No. 9789.

HANDELMAN v. MANDEL ET AL.

Decided April 4, 1921.

Action to cancel deed and for damages.  Judgment for
defendants.

*Affirmed.*

1. APPEAL AND ERROR—*Conflicting Evidence.*  Findings based on con-
flicting evidence, will not be disturbed on review.

2. REAL PROPERTY—*Deed—No Grantee Named.*  Authority to an agent
to insert the name of a grantee in an executed deed may be
inferred from the circumstances surrounding the transaction,
and need not be in writing.

3. PRINCIPAL AND AGENT—*Agent May not Purchase.*  An agent may
not purchase real property placed in his hands for sale, and if
he does so, the transaction is voidable.

4. VENDOR AND PURCHASER—*Real Property—Estoppel.*  One who places
in the hands of an agent an executed deed to property, with
authority to fill in the name of the grantee, is estopped from
denying its validity as against an innocent purchaser.

5. REAL PROPERTY—*Constructive Notice.*  The rule that possession is
constructive notice, was established to protect the owner against
others.  It cannot be invoked against his own deed.

*Error to the District Court of the City and County of
Denver, Hon. Clarence J. Morley, Judge.*

Mr. EDWIN H. PARK, for plaintiff in error.

Messrs. DOUD & FOWLER, for defendants in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error brought this action to cancel a deed from herself to defendant in error Mandel, for damages against him in the sum of $500.00, and to quiet title to the property against defendants Van Law and Phillips, for whose benefit Mandel had executed trust deeds to defendant in error Malone, Public Trustee. The cause was tried to the court without a jury. The court found that Mandel was representing plaintiff in making sale of the property to one Perry for certain notes of the face value of $1750.00, for which purpose plaintiff had executed and left with Mandel two deeds wherein the name of the grantee was blank; that Perry finally refused to close the deal, whereupon Mandel bought the notes for $1200.00 cash, inserted his own name in the deeds and recorded them, and thereafter executed the trust deeds in question. The court further found that Mandel was guilty of neither actual fraud, deceit, nor intentional wrong-doing in his dealings with plaintiff; that Van Law and Phillips were innocent purchasers for value, but that as between plaintiff and Mandel the latter had no right to make any profit out of the transaction. The trust deeds were held valid and title to the property re-invested in plaintiff subject thereto. It was further ordered that within sixty days from the date of the decree Mandel should procure the release of the trust deeds, or pay to the plaintiff the amount thereof, whereupon he would be entitled to the Perry notes, otherwise the same were to remain the property of plaintiff. To review that judgment plaintiff brings error, contending: 1. That the deeds were forgeries; 2. that the deeds were void because no grantee was named therein; 3. that the agent Mandel could not buy; 4. that Van Law and Phillips because of their failure to make inquiry of those, in possession of the property, were not innocent purchasers for value.

1. Plaintiff in error (who can neither read nor write) contended that she signed but one paper, which was repre-

sented to her by Mandel to be a receipt for the Perry notes which she wished to submit to an attorney for examination. Mandel maintained that she signed two deeds, well knowing their purport and contents. The evidence is conflicting. The trial court found against plaintiff thereon. That finding will not be disturbed. *Hallack et al. v. Stockdale et al.,* 14 Colo. 198; 23 Pac. 340.

It is doubtless true that in cases such as the present that the burden is on the agent to show affirmatively his good faith. *Webb et al. v. Marks,* 10 Colo. App. 429, 431, 51 Pac. 518. And it has been held that if the findings are clearly against the weight of the evidence they will be set aside. In our opinion no such showing is here made.

2. Plaintiff contends that not only had Mandel no authority to insert the name of a grantee in these deeds, but that such authority, if it existed, would have to be in writing. Bearing in mind that if, as found by the trial court, Mandel's theory of this transaction is correct, then plaintiff was selling this property for the Perry notes, the question was one of a particular consideration, not a particular grantee. The case is therefore governed by *Halliwill v. Weible et al.,* 64 Colo. 295, 171 Pac. 372. This is a complete answer to plaintiff's contention that *Halliwill v. Weible, supra,* rests upon a given state of facts different from those here existing. An examination of that case however discloses that it was decided, not upon specific facts appearing therein, but upon very broad, general principles adopted by the court, obviating any necessity for the authority to insert the name of a grantee, in an otherwise completed and executed deed, to be in writing.

3. It is true that Mandel, being plaintiff's agent to sell, could not himself buy, and if he did so the transaction was voidable. The findings and judgment of the court in the instant case establish that principle, and permit Mandel to take no advantage of his conduct. The real question here is as to the rights of an innocent purchaser for whose position plaintiff is herself responsible. She placed in Mandel's hands the deeds in question with authority to fill

in the name of the grantee, thus putting it in his power to record such deeds to himself, devoid of anything which would put Van Law and Phillips upon notice of their invalidity. As to them she is therefore estopped to deny that these are her deeds. *Halliwill v. Weible, supra.*

4. The property in question was improved and tenants of plaintiff were in possession. It is contended that the duty devolved upon Van Law and Phillips to inquire of those tenants concerning the ownership of the property and that they are bound by the fact which would thus have been disclosed, i. e., that these tenants were tenants of, and their possession the possession of plaintiff. Mandel's deeds were recorded January 28, 1919. The Van Law trust deed was dated January 31, 1919, and the Phillips trust deed February 17, 1919. There is therefore nothing to indicate that any rent period passed between the date of the Mandel deed and the date of the Phillips trust deed, and no reason to believe that an inquiry of these tenants on the part of Van Law and Phillips would have disclosed any contention on the part of plaintiff of the invalidity of Mandel's title. Moreover the possession of tenants was only the possession of plaintiff while title remained in her. If the deeds to Mandel were in fact valid (a subject upon which tenants could be presumed to have no information) then their possession was the possession of Mandel. Inquiry of the tenants would therefore have been futile.

The rule that possession is constructive notice was established to protect the owner against others. It cannot be invoked against his own deed. *Bloomer v. Henderson,* 8 Mich. 395, 77 Am. Dec. 453, 458. Had plaintiff been in possession in person instead of by her tenants, her recorded deed would have been a complete answer thereto. *Exon v. Dancke,* 24 Ore. 110, 114, 32 Pac. 1045. Such possession would have been entirely consistent with the deed. *Western Chemical Co. v. McCaffrey,* 47 Colo. 397, 107 Pac. 1081, 135 Am. St. Rep. 234.

In no event could the short term of possession here have

been, of itself and against the record, notice to subsequent purchasers of adverse claims. *Crooks v. Jenkins,* 124 Ia. 317, 320, 100 N. W. 82, 104 Am. St. Rep. 326; *Rowsey v. Jameson et al.,* 46 Okl. 780, 790, 149 Pac. 880.

Counsel for plaintiff in error cites, and relies upon, the case of *Hitchens v. Milner L. C. & T. Co.,* 65 Colo. 597, 178 Pac. 575, but that case is against him. There the court merely held that the possession "described in the complaint" gave constructive notice. That possession was of a claimant, not his tenant, and had continued for some eighteen years.

The court is bound by the findings of the trial judge as to the validity of the deeds in question. The fact that the name of the grantee was left blank in these deeds does not vitiate them under the circumstances in this case. Plaintiff, having put it in the power of Mandel to complete and record the deeds in question, cannot set up, as against innocent purchasers for value, the rule that her agent to sell could not himself buy. Inquiry on the part of Van Law and Phillips of the tenants of the premises concerning the ownership thereof, would have been futile, and although disclosing a supposed tenancy under plaintiff would, within so short a time after the date of her deeds to Mandel, have been no notice of adverse possession.

Finding no reversible error in this record the judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY, concur.